UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TIMOTHY LYNCH,                                              CIVIL ACTION NO._____

      Plaintiff,                                               (DEMAND FOR JURY TRIAL)

v.

TREK BICYCLE CORPORATION and
SHIMANO NORTH AMERICAN HOLDING, INCORPORATED,

      Defendants.

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### INTRODUCTORY STATEMENT

This action is instituted by Plaintiff for damages that arise from serious impalement and laceration bodily injuries suffered by Plaintiff which were caused by a defective Shimano V-Brake lever on a Trek bicycle.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 USC §1332(a)(1) because there is complete diversity of citizenship and the amount in controversy exceeds the sum $75,000.00, exclusive of interest and costs.

2. Venue is proper in this District pursuant to 28 USC §1391(b)(2) because as further described below, a substantial part of the events and omissions giving rise to Plaintiffs' claim herein occurred in the District.

3. Venue is proper in this District pursuant to 28 USC §1391(b)(1) in that this Court has subject matter diversity jurisdiction pursuant to 28 USC §1332(a)(1).

## PARTIES

4.  Plaintiff Timothy Lynch resides in North Kingstown, Washington County, Rhode Island.

5.  Defendant Trek Bicycle Corporation ("Defendant Trek") was and is a foreign corporation, organized under the laws of Wisconsin, with a principal place of business at 801 W Madison Street, in Waterloo, Wisconsin. At all times relevant to this action, Defendant Trek designed, tested, manufactured, assembled, set specifications, promoted, marketed, distributed and/or sold bicycles in Rhode Island, including the Trek Level I Road Bike (the "subject bike") which is the subject of this action. At all times relevant hereto, Defendant Trek was engaged in business in Rhode Island, has conducted substantial business activities, and derived substantial revenue from within the State of Rhode Island, including through its three retail business locations in Providence, Warwick, and East Providence, respectively. At all times relevant hereto, Defendant Trek sold and supplied the subject bike to NBX Bikes in Narragansett, Rhode Island for retail sale.

6.  Defendant Shimano North America Holding, Incorporated ("Defendant Shimano") was and is a foreign corporation, licensed to do business in Rhode Island, organized under the laws of California, with a principal place of business located at 1 Holland, in Irvine, California. At all times relevant to this action, Defendant Shimano designed, tested, manufactured, assembled, set specifications, promoted, marketed, distributed and/or sold bicycle components in Rhode Island, including the V-Brakes which are the subject of this action. At all times relevant hereto, Defendant Shimano was engaged in business in Rhode Island, has conducted substantial business activities, and derived substantial revenue from within the State of Rhode Island. Defendant Shimano has a registered agent for service of process in Warwick, Rhode Island.

## <u>GENERAL FACTUAL ALLEGATIONS</u>

7.  In early 2017, Plaintiff Timothy Lynch purchased the subject bike from NBX Bikes, located at 922 Boston Neck Road, in Narragansett, Rhode Island.

8.  The subject bike was designed, tested, manufactured, marketed, sold and supplied by Defendant Trek.

9.  The subject bike was equipped with V-Brakes designed, tested, manufactured, marketed, sold and supplied by Defendant Shimano.

10. The subject bike was sold and supplied by Defendant Trek to NBX Bikes in Rhode Island.

11. The subject bike had three gears and came equipped with V-Brakes on each handlebar. The brake levers were metallic with a thin end.

12. On June 28, 2022, Plaintiff decided to go on a bike ride on the South Kingston bike path in Rhode Island. Plaintiff was riding the subject bike and his wife, Betty Lynch, was on another bike.

13. The subject bike had not been altered by Plaintiff, and the original V-Brakes which came with the bike were still on the bike on the date of the incident.

14. Plaintiff was riding on the bike path when there was a slowdown caused by other bike riders ahead.

15. Mrs. Lynch was riding in front of Mr. Lynch and applied the brakes to her bike.

16. In order to avoid hitting his wife's back wheel, Mr. Lynch applied the brakes to his bike to slow down and turned his bike to the right.

17. As he slowed down almost to a complete stop, Mr. Lynch lost his balance and fell to the right, landing on the ground with his bike.

18. As he fell, the Shimano V-Brake lever on the left handlebar impaled his left thigh and tore a twelve-inch long laceration deep into his thigh.

19. Mrs. Lynch, a registered nurse, called 911 and then applied pressure to the gaping and bleeding flesh tear for approximately forty to forty-five minutes as they waited for emergency services to arrive.

20. South Kingstown Fire Department arrived on the scene and called a Med Evac helicopter. However, the Med Evac helicopter was already in use.

21. The local police department also arrived on the scene.

22. Due to the extent of the trauma, Mr. Lynch was transported to Rhode Island Hospital Emergency Room.

23. As a result of his injury, Mr. Lynch was an in-patient at Rhode Island Hospital from June 28, 2022 to July 7, 2022, during which time he underwent three surgeries for his wound, each of which required general anesthesia, and also included a skin graft from his right thigh.

24. As a result of his injury, Mr. Lynch has permanent numbness in his left thigh around the injury area, and permanent and visible scarring.

## COUNT 1
## NEGLIGENT DESIGN
## VERSUS SHIMANO NORTH AMERICAN HOLDING, INCORPORATED

25. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

26. Defendant Shimano designed, manufactured, marketed, sold and supplied the V-Brakes for incorporation on bicycles such as the subject bike.

27. Defendant Shimano owed a duty of reasonable care in the design of the V-Brakes which were incorporated into the subject bike.

28. Defendant Shimano knew that the V-Brakes were intended for use on bikes by consumer bike riders such as Plaintiff Timothy Lynch.

29. Defendant Shimano knew or should have known that bike riders like Mr. Lynch might fall off their bikes and come into contact with the V-Brakes.

30. Defendant Shimano knew that failure to design the V-Brakes so that they could be safely used by bike riders could cause serious impalement and laceration injuries to riders like Mr. Lynch.

31. Defendant Shimano breached its duty of reasonable care by providing to Defendant Trek improperly designed V-Brakes, such that under normal and intended use, a bike rider such as Mr. Lynch could be impaled on and be lacerated by a V-Brake lever and suffer serious bodily injuries if he fell off the bike.

32. Defendant Shimano was or should have been aware that there was a reasonable alternative design for the V-Brake levers which would have lessened or eliminated the danger of impalement and laceration injuries to bike riders.

33. As a direct and proximate result of Defendant Shimano's negligent actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT I1
## NEGLIGENT DESIGN
## VERSUS TREK BICYCLE CORPORATION

34. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

35. Defendant Trek designed, tested, specified, manufactured, marketed, sold and supplied the subject bike with V-Brakes which it had specified, ordered, purchased, and installed on the subject bike.

36. Defendant Trek owed a duty of reasonable care in the design of the subject bike.

37. Defendant Trek knew that the subject bike was intended for use by consumer bike riders like Mr. Lynch.

38. Defendant Trek knew or should have known that bike riders like Mr. Lynch might fall off their bikes and come into contact with the V-Brakes.

39. Defendant Trek knew that failure to design the bike so that it could be safely used by bike riders could cause injuries to riders like Mr. Lynch.

40. Defendant Trek breached that duty by providing an improperly designed bike, such that under normal and intended use, a bike rider such as Mr. Lynch could impale and lacerate himself on the V-Brake lever and cause serious bodily injury if he fell off the bike and came into contact with the V-Brake lever.

41. Defendant Trek was or should have been aware that there was a reasonable alternative design for the V-Brake levers which would have lessened or eliminated the danger of impalement and laceration injuries to bike riders.

42. Defendant Trek failed to inspect and assess the safety of the V-Brake for end users before installing it on the subject bike.

43. As a direct and proximate result of Defendant Trek's negligent actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## <u>COUNT III</u>
## <u>NEGLIGENT FAILURE TO WARN</u>
## VERSUS SHIMANO NORTH AMERICAN HOLDING, INCORPORATED

44. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

45. Defendant Shimano owed a duty of reasonable care to provide adequate directions and warnings to the ultimate user of any and all particular dangers and risks which were reasonably foreseeable and inherent in the use of the V-Brakes.

46. Defendant Shimano breached that duty by failing to provide any warnings that under normal use on the bike, the V-Brakes could cause impalement and laceration injuries to bike riders such as Mr. Lynch.

47. At all times relevant hereto, Defendant Shimano knew or should have known that the V-Brakes had a highly dangerous risk and propensity to cause serious laceration and bodily injuries to the intended user biker riders, such as Mr. Lynch.

48. At all times relevant hereto, Mr. Lynch was using the bike and its V-Brakes in the manner in which they were intended.

49. As a direct and proximate result of Defendant Shimano's negligent failure to warn, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## <u>COUNT IV</u>
## <u>NEGLIGENT FAILURE TO WARN</u>
## VERSUS TREK BICYCLE CORPORATION

50. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

51. Defendant Trek owed a duty of reasonable care to provide adequate directions and warnings to the ultimate user of any and all particular dangers and risks which were reasonably foreseeable and inherent in the use of the bike and its V-Brakes.

52. Defendant Trek breached that duty by failing to provide any warnings that under normal use on the bike, the V-Brakes which it had specified, purchased, and installed on the subject bike, could cause serious impalement and laceration injuries to intended user bike riders such as Mr. Lynch.

53. Defendant Trek knew or should have known that the V-Brakes which it had specified, ordered, and installed on the subject bike, had a highly dangerous risk and propensity to cause serious impalement and laceration bodily injuries to intended users, such as Mr. Lynch.

54. At all times relevant hereto, Mr. Lynch was using the subject bike and its V-Brakes in the manner in which it was intended.

55. As a direct and proximate result of Defendant Trek's negligent failure to warn, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT V**
**BREACH OF IMPLIED WARRANTY**
**VERSUS SHIMANO NORTH AMERICAN HOLDING, INCORPORATED**

56. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

57. Defendant Shimano agreed to sell and supply V-Brakes to Trek for incorporation on the subject bike, to be used by consumers such as Mr. Lynch.

58. There was an implied warranty of merchantability with every Shimano V-Brake that it would be reasonably fit for the ordinary purpose for which it is used.

59. Defendant Shimano breached that implied warranty of merchantability when it provided a product that under its normal and intended use on a bike, could cause serious impalement and laceration injuries to intended users such as Mr. Lynch.

60. As a direct and proximate result of Defendant Shimano's breach of warranty of merchantability, Plaintiff suffered damages.

61. Plaintiff provided timely notice to Defendant Shimano of its breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT VI**
**BREACH OF IMPLIED WARRANTY**
**VERSUS TREK BICYCLE CORPORATION**

62. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

63. Defendant Trek designed, manufactured, marketed, sold and supplied Trek Level 1 Road Bikes with Shimano V-Brakes, to be used by consumers such as Mr. Lynch.

64. There was an implied warranty of merchantability with every Trek Level 1 Road Bike that it would be reasonably fit for the ordinary purpose for which it is used.

65. Defendant Trek breached that implied warranty of merchantability when it provided a bike that under its normal and intended use could cause serious impalement and laceration injuries to intended users such as Mr. Lynch.

66. As a direct and proximate result of Defendant Trek's breach of warranty of merchantability, Plaintiffs have suffered damages.

67. Plaintiff provided timely notice to Defendant Trek of its breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT VII**
**BREACH OF IMPLIED WARRANTY: FAILURE TO WARN**
**VERSUS SHIMANO NORTH AMERICAN HOLDING, INCORPORATED**

68. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

69. Defendant Shimano designed, tested, manufactured, marketed, sold and supplied V-Brakes to Defendant Trek for incorporation bikes, to be used by consumers such as Mr. Lynch.

70. There was an implied warranty of merchantability with every V-Brake that it would be reasonably fit for the ordinary purpose for which it is used.

71. At the time Defendant Shimano designed, tested, manufactured, assembled, marketed, labeled, distributed, and sold and supplied the V-Brakes to Defendant Trek, it knew or should have known that the product presented an unreasonable danger to users when put to its intended and reasonably anticipated use. Specifically, Defendant Shimano knew or should have known that the V-Brake had a significant danger of causing serious impalement and laceration injuries to consumer bike riders, such as Mr. Lynch.

72. Defendant Shimano had a duty to warn end users of these dangers by providing proper warnings and safety instructions to end users.

73. Despite their duties, Defendant Shimano failed to warn of the dangerous propensities of the V-Brakes.

74. No end user, including Plaintiff Timothy Lynch, would have used the subject bike with V-Brakes had the dangerous propensities of the product to cause serious impalement and laceration injuries been known.

75. The injury risks associated with the V-Brakes as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

76. Plaintiff Timothy Lynch used the subject bike with V-Brakes in a normal, customary, intended, and foreseeable manner, by riding the bike on a bike path and using the brakes to slow down.

77. Therefore, the V-Brakes used by the Plaintiff were defective and unreasonably dangerous at the time of release into the stream of commerce due to inadequate warnings, labeling and/or instructions accompanying the product.

78. The V-Brakes used by Plaintiff Timothy Lynch were in the same condition as when they were designed, tested, manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendant Shimano.

79. As a direct and proximate cause of the foregoing failure to warn, Defendant breached the implied warranty of merchantability.

80. As a direct and proximate result of Defendant Shimano's failure to warn and resulting breach of warranty of merchantability, Plaintiff suffered damages.

81. Plaintiff provided timely notice to Defendant Shimano of its breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## <u>COUNT VIII</u>
## <u>BREACH OF IMPLIED WARRANTY: FAILURE TO WARN</u>
### VERSUS TREK BICYCLE CORPORATION

82. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

83. Defendant Trek designed, tested, manufactured, inspected, marketed, sold and supplied Trek Level 1 Road Bikes with Shimano V-Brakes, to be used by consumers such as Mr. Lynch.

84. Defendant Trek purchased V-Brakes for incorporation on the bike, to be used by consumers such as Mr. Lynch.

85. There was an implied warranty of merchantability with every Trek Level 1 Road Bike that it would be reasonably fit for the ordinary purpose for which it is used.

86. At the time Defendant Trek designed, tested, manufactured, assembled, marketed, labeled, distributed, and sold and supplied the subject bike to Mr. Lynch, it knew or should have known that the product presented an unreasonable danger to users when put to its intended and reasonably anticipated use. Specifically, Defendant Trek knew or should have known that the V-Brakes levers had a significant danger of causing serious impalement and laceration injuries to end users, such as Mr. Lynch.

87. Defendant Trek had a duty to warn end users of these dangers by providing proper warnings and safety instructions to end users.

88. Despite their duties, Defendant Trek failed to warn of the dangerous propensities of the V-Brakes.

89. No end user, including Plaintiff Timothy Lynch, would have used the subject bike with V-Brakes had the dangerous propensities of the product to cause serious impalement and laceration injuries been known.

90. The injury risks associated with the V-Brakes as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

91. Plaintiff Timothy Lynch used the subject bike with Shimano brakes in a normal, customary, intended, and foreseeable manner, by riding the bike on a bike path.

92. The subject bike with V-Brakes used by the Plaintiff weas defective and unreasonably dangerous at the time of its release into the stream of commerce due to no warnings, labeling and/or instructions regarding the dangers of bodily injury from the V-Brakes accompanying the product.

93. The subject bike with V-Brakes used by Plaintiff Timothy Lynch was in the same condition as when it was designed, tested, manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendant Trek.

94. As a direct and proximate cause of the foregoing failure to warn, Defendant breached the implied warranty of merchantability.

95. As a direct and proximate result of Defendant Trek's breach of warranty of merchantability, Plaintiff suffered damages.

96. Plaintiff provided timely notice to Defendant Trek of its breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT IX
## STRICT LIABILITY
## VERSUS SHIMANO NORTH AMERICAN HOLDING, INCORPORATED

97. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

98. Plaintiff Timothy Lynch was using the subject bike and V-Brakes in the manner in which they were intended to be used.

99. The V-Brakes on the subject bike were in a defective condition and unreasonably dangerous for their intended use.

100. The V-Brakes were expected to and did reach Plaintiff Tim Lynch without a substantial change from the time they were manufactured.

101. As a direct and proximate cause of the unreasonably dangerous condition of the V-Brakes, the Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT X
## STRICT LIABILITY
## VERSUS TREK BICYCLE CORPORATION

102. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

103. Plaintiff Timothy Lynch was using the subject bike in the manner in which it was intended to be used.

104. The subject bike with V-Brakes was in a defective condition and unreasonably dangerous for its intended use.

105. The V-Brake was expected to and did reach the Plaintiff without a substantial change from the time it manufactured.

106.     As a direct and proximate cause of the unreasonably dangerous condition of the V-Brake, the Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT XI**
**STRICT LIABILITY: FAILURE TO WARN**
**VERSUS SHIMANO NORTH AMERICAN HOLDING, INCORPORATED**

107.     The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

108.     Defendant Shimano sold and supplied V-Brakes to Defendant Trek for incorporation on the subject bike, to be used by consumers such as Mr. Lynch.

109.     At the time Defendant Shimano designed, tested, manufactured, assembled, marketed, labeled, distributed, and sold and supplied the V-Brakes to Defendant Trek, it knew or should have known that the product presented an unreasonable danger to users when put to its intended and reasonably anticipated use. Specifically, Defendant Shimano knew or should have known that the V-Brakes levers had a significant danger of causing serious impalement and laceration injuries to end users, such as Mr. Lynch.

110.     Defendant Shimano had a duty to warn of the risk of harm associated with the use of the V-Brakes and to provide adequate warnings and instructions on the dangers and safe and proper use of the device.

111.     Despite their duties, Defendant Shimano failed to warn of the dangerous propensities of the V-Brakes. No end user, including Plaintiff Timothy Lynch, would have used the subject bike with V-Brakes had the dangerous propensities of the product to cause serious impalement and laceration injuries been known.

112.    The injury risks associated with the V-Brakes as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

113.    Plaintiff Timothy Lynch used the bike with Shimano brakes in a normal, customary, intended, and foreseeable manner, by riding the bike on a bike path.

114.    The V-Brakes used by the Plaintiff were defective and unreasonably dangerous at the time of release into the stream of commerce due to inadequate warnings, labeling and/or instructions accompanying the product.

115.    The V-Brakes used by Plaintiff Timothy Lynch was in the same condition as when it was designed, tested, manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendant Shimano.

116.    As a direct and proximate cause of the foregoing failure to warn, Defendant Shimano is strictly liable to Plaintiff for failure to warn and for all resulting damages to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT XII**
**STRICT LIABILITY: FAILURE TO WARN**
**VERSUS TREK BICYCE CORPORATION**

117.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

118.    When Defendant Trek designed, tested, manufactured, assembled, marketed, labeled, distributed, and sold and supplied the subject bike with Shimano V-Brakes, it knew or should have known that the product presented an unreasonable danger to users when put to its intended and reasonably anticipated use. Specifically, Defendant Trek knew or should have known that the V-Brakes levers had a significant danger of causing serious impalement and laceration injuries to end users, such as Mr. Lynch.

119.    Defendant Shimano had a duty to warn of the risk of harm associated with the use of the subject bike with Shimano brakes and to provide adequate warnings and instructions on the safe and proper use of the device.

120.    Despite their duties, Defendant Trek failed to warn of the dangerous propensities of the subject bike with Shimano V-Brakes.

121.    No end user, including Plaintiff Timothy Lynch, would have used the subject bike with V-Brakes had the dangerous propensities of the product to cause serious impalement and laceration injuries been known.

122.    The injury risks associated with the subject bile with V-Brakesas described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

123.    Plaintiff Timothy Lynch used the subject bike with V-Brakes in a normal, customary, intended, and foreseeable manner, by riding the bike on a bike path.

124.    The subject bike used by Plaintiff Timothy Lynch was defective and unreasonably dangerous at the time of release into the stream of commerce due to inadequate warnings, labeling and/or instructions accompanying the product.

125.    The subject bike used by Mr. Lynch was in the same condition as when it was designed, tested, manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendant Trek.

126.    As a direct and proximate cause of the foregoing failure to warn, Defendant Shimano is strictly liable to Plaintiff for failure to warn and for all resulting damages to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT XIII**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**VERSUS SHIMANO NORTH AMERICAN HOLDING, INCORPORATED**

127.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

128.    Defendant Shimano knew that Defendant Trek was purchasing V-Brakes for incorporation on the subject bike as brakes, to be used by consumer bike riders such as Mr. Lynch.

129.    Defendant Shimano impliedly represented that the V-Brakes were fit and safe for use as brakes by its intended end users.

130.    Defendant Shimano's V-Brakes were not reasonably fit for its particular purpose in that when used as a brake under its normal and intended use on a bike, it could cause serious impalement and laceration injuries to intended users such as Mr. Lynch.

131.    As a direct and proximate result of Defendant Shimano's breach of warranty of fitness for a particular purpose, Plaintiff suffered damages.

132.    Plaintiff provided timely notice to Defendant Shimano of breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT XIV**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**VERSUS TREK BICYCLE CORPORATION**

133.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

134.    Defendant Trek purchased and specified V-Brakes for incorporation on the subject bike as brakes, to be used by bike riders such as Mr. Lynch.

135.    Defendant Trek impliedly represented that the subject bike with V-Brakes was fit and safe for use by its intended end users.

136.    Defendant Trek's subject bike with V-Brakes was not reasonably fit for its particular purpose in that when used under its normal and intended purpose, it could cause serious impalement and laceration injuries to intended users such as Mr. Lynch.

137.    As a direct and proximate result of Defendant Trek's breach of warranty of fitness for a particular purpose, Plaintiff suffered damages.

138.    Plaintiff provided timely notice to Defendant Shimano of breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT XV
## BREACH OF EXPRESS WARRANTY
## VERSUS DEFENDANT TREK BICYCLE CORPORATION

139.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

140.    At all times relevant hereto, Defendant Trek designed, tested, manufactured, marketed, sold and supplied the subject bike with Shimano V-Brakes.

141.    Defendant Trek provided certain express warranties concerning the essential quality and fitness of the bike to Plaintiff Timothy Lynch.

142.    Defendant Trek's express warranties to Plaintiff Timothy Lynch were part of the basis of the bargain between Defendant Trek and Mr. Lynch.

143.    Defendant Trek violated these express warranties to Mr. Lynch selling him the subject bike which was defective and unreasonably dangerous to end users like Mr. Lynch, because it presented a high risk of causing serious bodily injury to its users.

144.    As a result, the bike did not have the essential qualities that Defendant Trek warranted.

145.    As a direct and proximate result of Defendant Trek's breach of express warranty Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT XVII
## RES IPSA LOQUITOR
## VERSUS ALL DEFENDANTS

146.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

147.    Defendants had a duty to Plaintiffs to use reasonable care in the design, testing, manufacture, supply and selling of the subject bike with Shimano V-Brakes.

148.    The subject event – an impalement and laceration of a rider by a bike brake lever when the rider fell off a bike - is of a kind which ordinarily does not occur in the absence of negligence.

149.    The Shimano V-Brake lever that caused the injury to Plaintiff Timothy Lynch was in the exclusive control of Defendants until provided to Mr. Lynch and him being injured thereby.

150.    The Plaintiff and other third-party persons were not the cause of the injury, and thus other responsible causes have been sufficiently eliminated.

151.    The subject bike with V-Brakes was expected to and did reach Plaintiff Timothy Lynch without a substantial change from the time it was designed, manufactured, and installed on the subject bike.

152.    Mr. Lynch was using the product in the manner in which it was intended to be used.

153.    As a direct and proximate result of the said events that do not ordinarily occur in the absence of negligence, the Plaintiff suffered the aforesaid damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff suffered damages, including medical bills, scarring and disfigurement, lost wages, pain and suffering, mental anguish, and loss of consortium, Plaintiff prays that this Honorable Court:

A.  Award Plaintiff compensatory damages in the amount of two million dollars ($2,000,000);

B.  Enter judgment against all Defendants;

C.  Award attorneys' fees, costs, and expenses;

D.  Pre-judgment and post-judgment interest on the judgments entered; and

E.  Grant such other relief as appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial jury on all issues.

Dated: January 29, 2024

Respectfully submitted,
The Plaintiffs,
Timothy Lynch and Betty Lynch,
By their attorneys,


/s/ *Adam J. Combies*
Adam J. Combies, RI Bar. No. 7564
COMBIES HANSON, P.C.
12 Ericsson Street, Suite 201
Boston, MA 02122
T: (617) 556-9964
F: (617) 977-9705
acombies@combieshanson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 29, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on all CM/ECF registrants.

<u>*/s/Adam J. Combies*</u>
Adam J. Combies