UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TIMOTHY LYNCH,                                    CIVIL ACTION NO. 1:24-cv-00043

      Plaintiff,                                   (DEMAND FOR JURY TRIAL)

v.

TREK BICYCLE CORPORATION,
SHIMANO NORTH AMERICA HOLDING, INC.,
& SHIMANO, INC.

      Defendants.

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

### INTRODUCTORY STATEMENT

This product liability action is instituted by Plaintiff for damages that arise from serious impalement and laceration bodily injuries suffered by Plaintiff which were caused by a defective Shimano ST-EF500 brake on a Trek Verve 1 bicycle.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 USC §1332(a)(1) because there is complete diversity of citizenship and the amount in controversy exceeds the sum $75,000.00, exclusive of interest and costs.

2. Venue is proper in this District pursuant to 28 USC §1391(b)(2) because as further described below, a substantial part of the events and omissions giving rise to Plaintiffs' claim herein occurred in the District.

3. Venue is proper in this District pursuant to 28 USC §1391(b)(1) in that this Court has subject matter diversity jurisdiction pursuant to 28 USC §1332(a)(1).

1

**PARTIES**

4.  Plaintiff, Timothy Lynch resides in North Kingstown, Washington County, Rhode Island.

5.  Defendant, Trek  Bicycle Corporation ("Defendant, Trek") was and is a foreign corporation, organized under the laws of Wisconsin, with a principal place of business at 801 W Madison Street, in Waterloo, Wisconsin. At all times relevant to this action, Defendant, Trek  designed, tested, manufactured, assembled, set specifications, promoted, marketed, distributed and/or sold bicycles in Rhode Island, including the Trek Verve I bicycle (the "subject bike") which is the subject of this action. At all times relevant hereto, Defendant, Trek  was engaged in business in Rhode Island, has conducted substantial business activities, and derived substantial revenue from within the State of Rhode Island, including through its three retail business locations in Providence, Warwick, and East Providence, respectively. At all times relevant hereto, Defendant, Trek  sold and supplied the subject bike to NBX Bikes in Narragansett, Rhode Island for retail sale.

6.  Defendant, Shimano North America Holding, Inc. ("Defendant, Shimano US") was and is a foreign corporation, licensed to do business in Rhode Island, organized under the laws of California, with a principal place of business located at 1 Holland, in Irvine, California. Defendant, Shimano US is a subsidiary of Defendant, Shimano, Inc. At all times relevant to this action, Defendant Shimano US designed, tested, manufactured, assembled, set specifications, promoted, marketed, distributed and/or sold bicycle components in Rhode Island, including the Shimano ST-EF500 brakes which are the subject of this action. At all times relevant hereto, Defendant Shimano US was engaged in business in Rhode Island, has conducted substantial business activities, and derived substantial revenue from within the State

2

of Rhode Island. Defendant Shimano US has a registered agent for service of process in Warwick, Rhode Island.

7. Defendant, Shimano, Inc. ("Defendant, Shimano Japan") was and is a foreign corporation with a principal place of business in Sakai City, Osaka, Japan. Defendant, Shimano Japan is the parent corporation of Defendant, Shimano US. It is involved in the development, production and distribution of bicycle components. At all times relevant to this action, Defendant, Shimano Japan designed, tested, manufactured, assembled, set specifications, promoted, marketed, distributed and/or sold bicycle components in Rhode Island, including the ST-EF500 brakes which are the subject of this action. At all times relevant hereto, Defendant, Shimano Japan was engaged in business in Rhode Island, has conducted substantial business activities, and derived substantial revenue from within the State of Rhode Island.

## GENERAL FACTUAL ALLEGATIONS

8. In early 2017, Plaintiff, Timothy Lynch purchased the subject bike from NBX Bikes, located at 922 Boston Neck Road, in Narragansett, Rhode Island.

9. The subject bike was designed, tested, manufactured, marketed, sold and supplied by Defendant, Trek .

10. The subject bike was equipped with Shimano ST-EF500 brakes designed, tested, manufactured, marketed, sold and supplied by Defendant, Shimano US and Defendant, Shimano Japan.

11. The subject bike was sold and supplied by Defendant, Trek  to NBX Bikes in Rhode Island.

12. The subject bike had three gears and came equipped with ST-EF500 brakes on each handlebar. The brake levers were metallic with a thin end.

13. On June 28, 2022, Plaintiff decided to go on a bike ride on the North Kingston bike path in Rhode Island. Plaintiff was riding the subject bike and his wife, Betty Lynch, was on another bike.

14. The subject bike had not been altered by Plaintiff, and the original ST-EF500 brakes which came with the bike were still on the bike on the date of the incident.

15. Plaintiff was riding on the bike path when there was a slowdown caused by other bike riders ahead.

16. Mrs. Lynch was riding in front of Mr. Lynch and applied the brakes to her bike.

17. In order to avoid hitting his wife's back wheel, Mr. Lynch applied the brakes to his bike to slow down and turned his bike to the right.

18. As he slowed down almost to a complete stop, Mr. Lynch lost his balance and fell to the right, landing on the ground with his bike.

19. As he fell, the Shimano ST-EF500 brake lever on the left handlebar impaled his left thigh and tore a twelve-inch-long laceration deep into his thigh.

20. Mrs. Lynch, a registered nurse, called 911 and then applied pressure to the gaping and bleeding flesh tear for approximately forty to forty-five minutes as they waited for emergency services to arrive.

21. South Kingstown Fire Department arrived on the scene and called a Med Evac helicopter. However, the Med Evac helicopter was not available.

22. The local police department also arrived on the scene.

23. Mr. Lynch was transported to Rhode Island Hospital Emergency Room.

24. As a result of his injury, Mr. Lynch was an in-patient at Rhode Island Hospital from June 28, 2022 to July 7, 2022, during which time he underwent three surgeries for his wound, which including a skin graft from his right thigh.

25. As a result of his injury, Mr. Lynch has permanent numbness in his left thigh around the injury area, and permanent and visible scarring.

**COUNT 1**
**NEGLIGENT DESIGN**
**VERSUS SHIMANO NORTH AMERICA HOLDING, INC.**

26. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

27. Defendant, Shimano US designed, manufactured, marketed, sold and supplied the ST-EF500 brakes for incorporation on bicycles such as the subject bike.

28. Defendant, Shimano US owed a duty of reasonable care in the design of the ST-EF500 brakes which were incorporated into the subject bike.

29. Defendant, Shimano US knew that the ST-EF500 brakes were intended for use on bikes by consumer bike riders such as Plaintiff Timothy Lynch.

30. Defendant, Shimano US knew or should have known that bike riders like Mr. Lynch might fall off their bikes and come into contact with the ST-EF500 brakes.

31. Defendant, Shimano US knew that failure to design the ST-EF500 brakes so that they could be safely used by bike riders could cause serious impalement and laceration injuries to riders like Mr. Lynch.

32. Defendant, Shimano US breached its duty of reasonable care by providing to Defendant, Trek improperly designed ST-EF500 brakes, such that under normal and intended use, a bike rider

such as Mr. Lynch could be impaled on and be lacerated by the lever and suffer serious bodily injuries if he fell off the bike.

33. Defendant, Shimano US was or should have been aware that there was a reasonable alternative design for the ST-EF500 brake levers which would have lessened or eliminated the danger of impalement and laceration injuries to bike riders.

34. As a direct and proximate result of Defendant, Shimano US's negligent actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT II**
**NEGLIGENT DESIGN**
**VERSUS TREK BICYCLE CORPORATION**

35. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

36. Defendant, Trek designed, tested, specified, manufactured, marketed, sold and supplied the subject bike with ST-EF500 brakes which it had specified, ordered, purchased, and installed on the subject bike.

37. Defendant, Trek owed a duty of reasonable care in the design of the subject bike.

38. Defendant, Trek knew that the subject bike was intended for use by consumer bike riders like Mr. Lynch.

39. Defendant, Trek knew or should have known that bike riders like Mr. Lynch might fall off their bikes and come into contact with the ST-EF500 brakes.

40. Defendant, Trek knew that failure to design the bike so that it could be safely used by bike riders could cause injuries to riders like Mr. Lynch.

41. Defendant, Trek breached that duty by providing an improperly designed bike, such that under normal and intended use, a bike rider such as Mr. Lynch could impale and lacerate himself on the brake lever and cause serious bodily injury if he fell off the bike and came into contact with the lever.

42. Defendant, Trek was or should have been aware that there was a reasonable alternative design for the ST-EF500 brake levers which would have lessened or eliminated the danger of impalement and laceration injuries to bike riders.

43. Defendant, Trek failed to inspect and assess the safety of the brake levers for end users before installing it on the subject bike.

44. As a direct and proximate result of Defendant, Trek 's negligent actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT III
## NEGLIGENT FAILURE TO WARN
## VERSUS SHIMANO NORTH AMERICA HOLDING, INC.

45. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

46. Defendant, Shimano US owed a duty of reasonable care to provide adequate directions and warnings to the ultimate user of any and all particular dangers and risks which were reasonably foreseeable and inherent in the use of the ST-EF500 brakes.

47. Defendant. Shimano US breached that duty by failing to provide any warnings that under normal use on the bike, the ST-EF500 brakes could cause impalement and laceration injuries to bike riders such as Mr. Lynch.

7

48. At all times relevant hereto, Defendant, Shimano US knew or should have known that the ST-EF500 brakes had a highly dangerous risk and propensity to cause serious laceration and bodily injuries to the intended user biker riders, such as Mr. Lynch.

49. At all times relevant hereto, Mr. Lynch was using the bike and its ST-EF500 brakes in the manner in which they were intended.

50. As a direct and proximate result of Defendant, Shimano US 's negligent failure to warn, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT IV**
**NEGLIGENT FAILURE TO WARN**
**VERSUS TREK BICYCLE CORPORATION**

51. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

52. Defendant, Trek  owed a duty of reasonable care to provide adequate directions and warnings to the ultimate user of any and all particular dangers and risks which were reasonably foreseeable and inherent in the use of the bike and its ST-EF500 brakes.

53. Defendant, Trek  breached that duty by failing to provide any warnings that under normal use on the bike, the ST-EF500 brakes which it had specified, purchased, and installed on the subject bike, could cause serious impalement and laceration injuries to intended user bike riders such as Mr. Lynch.

54. Defendant, Trek  knew or should have known that the ST-EF500 brakes which it had specified, ordered, and installed on the subject bike, had a highly dangerous risk and propensity to cause serious impalement and laceration bodily injuries to intended users, such as Mr. Lynch.

55. At all times relevant hereto, Mr. Lynch was using the subject bike and its ST-EF500 brakes in the manner in which it was intended.

56. As a direct and proximate result of Defendant, Trek 's negligent failure to warn, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT V
## BREACH OF IMPLIED WARRANTY
## VERSUS SHIMANO NORTH AMERICA HOLDING, INC.

57. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

58. Defendant, Shimano US agreed to sell and supply ST-EF500 brakes to Trek for incorporation on the subject bike, to be used by consumers such as Mr. Lynch.

59. There was an implied warranty of merchantability with every Shimano ST-EF500 brake lever that it would be reasonably fit for the ordinary purpose for which it is used.

60. Defendant, Shimano US breached that implied warranty of merchantability when it provided a product that under its normal and intended use on a bike, could cause serious impalement and laceration injuries to intended users such as Mr. Lynch.

61. As a direct and proximate result of Defendant, Shimano US's breach of warranty of merchantability, Plaintiff suffered damages.

62. Plaintiff provided timely notice to Defendant, Shimano US of its breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT VI**
**BREACH OF IMPLIED WARRANTY**
**VERSUS TREK BICYCLE CORPORATION**

63. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

64. Defendant, Trek designed, manufactured, marketed, sold and supplied Trek Verve 1 bicycles with Shimano ST-EF500 brakes, to be used by consumers such as Mr. Lynch.

65. There was an implied warranty of merchantability with every Trek Verve 1 bicycle that it would be reasonably fit for the ordinary purpose for which it is used.

66. Defendant, Trek breached that implied warranty of merchantability when it provided a bike that under its normal and intended use could cause serious impalement and laceration injuries to intended users such as Mr. Lynch.

67. As a direct and proximate result of Defendant, Trek 's breach of warranty of merchantability, Plaintiffs have suffered damages.

68. Plaintiff provided timely notice to Defendant, Trek  of its breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT VII**
**BREACH OF IMPLIED WARRANTY: FAILURE TO WARN**
**VERSUS SHIMANO NORTH AMERICA HOLDING, INC.**

69. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

70. Defendant, Shimano US designed, tested, manufactured, marketed, sold and supplied ST-EF500 brakes to Defendant, Trek  for incorporation bikes, to be used by consumers such as Mr. Lynch.

71. There was an implied warranty of merchantability with every Shimano ST-EF500 brake lever that it would be reasonably fit for the ordinary purpose for which it is used.

72. At the time Defendant, Shimano US designed, tested, manufactured, assembled, marketed, labeled, distributed, and sold and supplied the ST-EF500 brakes to Defendant, Trek , it knew or should have known that the product presented an unreasonable danger to users when put to its intended and reasonably anticipated use. Specifically, Defendant Shimano US knew or should have known that the Shimano ST-EF500 brake lever had a significant danger of causing serious impalement and laceration injuries to consumer bike riders, such as Mr. Lynch.

73. Defendant, Shimano US had a duty to warn end users of these dangers by providing proper warnings and safety instructions to end users.

74. Despite their duties, Defendant, Shimano US failed to warn of the dangerous propensities of the ST-EF500 brakes.

75. No end user, including Plaintiff, Timothy Lynch, would have used the subject bike with ST-EF500 brakes had the dangerous propensities of the product to cause serious impalement and laceration injuries been known.

76. The injury risks associated with the ST-EF500 brakes as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

77. Plaintiff, Timothy Lynch used the subject bike with ST-EF500 brakes in a normal, customary, intended, and foreseeable manner, by riding the bike on a bike path and using the brakes to slow down.

78. Therefore, the ST-EF500 brakes used by the Plaintiff were defective and unreasonably dangerous at the time of release into the stream of commerce due to inadequate warnings, labeling and/or instructions accompanying the product.

79. The ST-EF500 brakes used by Plaintiff, Timothy Lynch were in the same condition as when they were designed, tested, manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendant, Shimano US.

80. As a direct and proximate cause of the foregoing failure to warn, Defendant breached the implied warranty of merchantability.

81. As a direct and proximate result of Defendant Shimano US's failure to warn and resulting breach of warranty of merchantability, Plaintiff suffered damages.

82. Plaintiff provided timely notice to Defendant Shimano US of its breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT VIII
## BREACH OF IMPLIED WARRANTY: FAILURE TO WARN
### VERSUS TREK BICYCLE CORPORATION

83. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

84. Defendant, Trek  designed, tested, manufactured, inspected, marketed, sold and supplied Trek Verve 1 bicycles with Shimano ST-EF500 brakes, to be used by consumers such as Mr. Lynch.

85. Defendant, Trek  purchased ST-EF500 brakes for incorporation on the bike, to be used by consumers such as Mr. Lynch.

86. There was an implied warranty of merchantability with every Trek Verve 1 bicycle that it would be reasonably fit for the ordinary purpose for which it is used.

87. At the time Defendant, Trek  designed, tested, manufactured, assembled, marketed, labeled, distributed, and sold and supplied the subject bike to Mr. Lynch, it knew or should have known that the product presented an unreasonable danger to users when put to its intended and reasonably anticipated use. Specifically, Defendant, Trek  knew or should have known that the

12

ST-EF500 brakes levers had a significant danger of causing serious impalement and laceration injuries to end users, such as Mr. Lynch.

88. Defendant, Trek  had a duty to warn end users of these dangers by providing proper warnings and safety instructions to end users.

89. Despite their duties, Defendant, Trek  failed to warn of the dangerous propensities of the ST-EF500 brakes.

90. No end user, including Plaintiff Timothy Lynch, would have used the subject bike with ST-EF500 brakes had the dangerous propensities of the product to cause serious impalement and laceration injuries been known.

91. The injury risks associated with the ST-EF500 brakes as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

92. Plaintiff, Timothy Lynch used the subject bike with Shimano brakes in a normal, customary, intended, and foreseeable manner, by riding the bike on a bike path.

93. The subject bike with ST-EF500 brakes used by the Plaintiff weas defective and unreasonably dangerous at the time of its release into the stream of commerce due to no warnings, labeling and/or instructions regarding the dangers of bodily injury from the ST-EF500 brakes accompanying the product.

94. The subject bike with ST-EF500 brakes used by Plaintiff, Timothy Lynch was in the same condition as when it was designed, tested, manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendant, Trek .

95. As a direct and proximate cause of the foregoing failure to warn, Defendant breached the implied warranty of merchantability.

96. As a direct and proximate result of Defendant, Trek 's breach of warranty of merchantability, Plaintiff suffered damages.

97. Plaintiff provided timely notice to Defendant, Trek  of its breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

14

**COUNT IX**
**STRICT LIABILITY**
**VERSUS SHIMANO NORTH AMERICA HOLDING, INC.**

98. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

99. Plaintiff, Timothy Lynch was using the subject bike and ST-EF500 brakes in the manner in which they were intended to be used.

100.   The ST-EF500 brakes on the subject bike were in a defective condition and unreasonably dangerous for their intended use.

101.   The ST-EF500 brakes were expected to and did reach Plaintiff Tim Lynch without a substantial change from the time they were manufactured.

102.   As a direct and proximate cause of the unreasonably dangerous condition of the ST-EF500 brakes, the Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT X**
**STRICT LIABILITY**
**VERSUS TREK BICYCLE CORPORATION**

103.   The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

104.   Plaintiff, Timothy Lynch was using the subject bike in the manner in which it was intended to be used.

105.   The subject bike with ST-EF500 brakes was in a defective condition and unreasonably dangerous for its intended use.

106.   The ST-EF500 brake was expected to and did reach the Plaintiff without a substantial change from the time it was manufactured.

15

107.    As a direct and proximate cause of the unreasonably dangerous condition of the ST-EF500 brakes, the Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT XI
## STRICT LIABILITY: FAILURE TO WARN
## VERSUS SHIMANO NORTH AMERICA HOLDING, INC.

108.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

109.    Defendant, Shimano US sold and supplied ST-EF500 brakes to Defendant, Trek for incorporation on the subject bike, to be used by consumers such as Mr. Lynch.

110.    At the time Defendant, Shimano US designed, tested, manufactured, assembled, marketed, labeled, distributed, and sold and supplied the ST-EF500 brakes to Defendant, Trek , it knew or should have known that the product presented an unreasonable danger to users when put to its intended and reasonably anticipated use. Specifically, Defendant, Shimano US knew or should have known that the ST-EF500 brakes levers had a significant danger of causing serious impalement and laceration injuries to end users, such as Mr. Lynch.

111.    Defendant, Shimano US had a duty to warn of the risk of harm associated with the use of the ST-EF500 brakes and to provide adequate warnings and instructions on the dangers and safe and proper use of the device.

112.    Despite their duties, Defendant Shimano US failed to warn of the dangerous propensities of the ST-EF500 brakes. No end user, including Plaintiff Timothy Lynch, would have used the subject bike with ST-EF500 brakes had the dangerous propensities of the product to cause serious impalement and laceration injuries been known.

16

113.   The injury risks associated with the ST-EF500 brakes as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

114.   Plaintiff, Timothy Lynch used the bike with Shimano brakes in a normal, customary, intended, and foreseeable manner, by riding the bike on a bike path.

115.   The ST-EF500 brakes used by the Plaintiff were defective and unreasonably dangerous at the time of release into the stream of commerce due to inadequate warnings, labeling and/or instructions accompanying the product.

116.   The ST-EF500 brakes used by Plaintiff, Timothy Lynch was in the same condition as when it was designed, tested, manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendant, Shimano US.

117.   As a direct and proximate cause of the foregoing failure to warn, Defendant, Shimano US is strictly liable to Plaintiff for failure to warn and for all resulting damages to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT XII**
**STRICT LIABILITY: FAILURE TO WARN**
**VERSUS TREK BICYLE CORPORATION**

118.   The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

119.   When Defendant, Trek  designed, tested, manufactured, assembled, marketed, labeled, distributed, and sold and supplied the subject bike with Shimano ST-EF500 brakes, it knew or should have known that the product presented an unreasonable danger to users when put to its intended and reasonably anticipated use. Specifically, Defendant, Trek  knew or should have known that the ST-EF500 brakes levers had a significant danger of causing serious impalement and laceration injuries to end users, such as Mr. Lynch.

120.    Defendant, Shimano US had a duty to warn of the risk of harm associated with the use of the subject bike with Shimano brakes and to provide adequate warnings and instructions on the safe and proper use of the device.

121.    Despite their duties, Defendant, Trek failed to warn of the dangerous propensities of the subject bike with Shimano ST-EF500 brakes.

122.    No end user, including Plaintiff Timothy Lynch, would have used the subject bike with ST-EF500 brakes had the dangerous propensities of the product to cause serious impalement and laceration injuries been known.

123.    The injury risks associated with the subject bile with ST-EF500 brakes as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

124.    Plaintiff, Timothy Lynch used the subject bike with ST-EF500 brakes in a normal, customary, intended, and foreseeable manner, by riding the bike on a bike path.

125.    The subject bike used by Plaintiff, Timothy Lynch was defective and unreasonably dangerous at the time of release into the stream of commerce due to inadequate warnings, labeling and/or instructions accompanying the product.

126.    The subject bike used by Mr. Lynch was in the same condition as when it was designed, tested, manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendant, Trek .

127.    As a direct and proximate cause of the foregoing failure to warn, Defendant Shimano is strictly liable to Plaintiff for failure to warn and for all resulting damages to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT XIII**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**VERSUS SHIMANO NORTH AMERICA HOLDING, INC.**

128.   The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

129.   Defendant, Shimano US knew that Defendant, Trek  was purchasing ST-EF500 brakes for incorporation on the subject bike as brakes, to be used by consumer bike riders such as Mr. Lynch.

130.   Defendant, Shimano US impliedly represented that the ST-EF500 brakes were fit and safe for use as brakes by its intended end users.

131.   Defendant, Shimano US's ST-EF500 brakes were not reasonably fit for its particular purpose in that when used as a brake under its normal and intended use on a bike, it could cause serious impalement and laceration injuries to intended users such as Mr. Lynch.

132.   As a direct and proximate result of Defendant, Shimano US's breach of warranty of fitness for a particular purpose, Plaintiff suffered damages.

133.   Plaintiff provided timely notice to Defendant, Shimano US's of its breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT XIV**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**VERSUS TREK BICYLE CORPORATION**

134.   The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

135.   Defendant, Trek  purchased and specified ST-EF500 brakes for incorporation on the subject bike as brakes, to be used by bike riders such as Mr. Lynch.

19

136.  Defendant, Trek  impliedly represented that the subject bike with ST-EF500 brakes was fit and safe for use by its intended end users.

137.  Defendant, Trek 's subject bike with ST-EF500 brakes was not reasonably fit for its particular purpose in that when used under its normal and intended purpose, it could cause serious impalement and laceration injuries to intended users such as Mr. Lynch.

138.  As a direct and proximate result of Defendant, Trek 's breach of warranty of fitness for a particular purpose, Plaintiff suffered damages.

139.  Plaintiff provided timely notice to Defendant, Trek of breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT XV
## BREACH OF EXPRESS WARRANTY
## VERSUS DEFENDANT, TREK  BICYCLE CORPORATION

140.  The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

141.  At all times relevant hereto, Defendant, Trek  designed, tested, manufactured, marketed, sold and supplied the subject bike with Shimano ST-EF500 brakes.

142.  Defendant, Trek  provided certain express warranties concerning the essential quality and fitness of the bike to Plaintiff Timothy Lynch.

143.  Defendant, Trek 's express warranties to Plaintiff, Timothy Lynch were part of the basis of the bargain between Defendant, Trek  and Mr. Lynch.

144.  Defendant, Trek  violated these express warranties to Mr. Lynch by selling him the subject bike which was defective and unreasonably dangerous to end users like Mr. Lynch, because it presented a high risk of causing serious bodily injury to its users.

145.  As a result, the bike did not have the essential qualities that Defendant, Trek  warranted.

146.    As a direct and proximate result of Defendant, Trek 's breach of express warranty Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT XVI**
**RES IPSA LOQUITOR**
**VERSUS ALL DEFENDANTS**

147.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

148.    Defendants had a duty to Plaintiffs to use reasonable care in the design, testing, manufacture, supply and selling of the subject bike with Shimano ST-EF500 brakes.

149.    The subject event – an impalement and laceration of a rider by a bike brake lever when the rider fell off a bike - is of a kind which ordinarily does not occur in the absence of negligence.

150.    The Shimano ST-EF500 brake lever that caused the injury to Plaintiff, Timothy Lynch was in the exclusive control of Defendants until provided to Mr. Lynch and him being injured thereby.

151.    The Plaintiff and other third-party persons were not the cause of the injury, and thus other responsible causes have been sufficiently eliminated.

152.    The subject bike with ST-EF500 brakes was expected to and did reach Plaintiff, Timothy Lynch without a substantial change from the time it was designed, manufactured, and installed on the subject bike.

153.    Mr. Lynch was using the product in the manner in which it was intended to be used.

154.    As a direct and proximate result of the said events that do not ordinarily occur in the absence of negligence, the Plaintiff suffered the aforesaid damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COUNT XVII
**NEGLIGENT DESIGN**
**VERSUS SHIMANO, INC.**

155.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

156.    Defendant, Shimano Japan designed, manufactured, marketed, sold and supplied the ST-EF500 brakes for incorporation on bicycles such as the subject bike.

157.    Defendant, Shimano Japan owed a duty of reasonable care in the design of the ST-EF500 brakes which were incorporated into the subject bike.

158.    Defendant, Shimano Japan knew that the ST-EF500 brakes were intended for use on bikes by consumer bike riders such as Plaintiff Timothy Lynch.

159.    Defendant, Shimano Japan knew or should have known that bike riders like Mr. Lynch might fall off their bikes and come into contact with the ST-EF500 brakes.

160.    Defendant, Shimano Japan knew that failure to design the ST-EF500 brakes so that they could be safely used by bike riders could cause serious impalement and laceration injuries to riders like Mr. Lynch.

161.    Defendant, Shimano Japan breached its duty of reasonable care by providing to Defendant, Trek  improperly designed ST-EF500 brakes, such that under normal and intended use, a bike rider such as Mr. Lynch could be impaled on and be lacerated by a ST-EF500 brake lever and suffer serious bodily injuries if he fell off the bike.

162.    Defendant, Shimano Japan was or should have been aware that there was a reasonable alternative design for the ST-EF500 brake levers which would have lessened or eliminated the danger of impalement and laceration injuries to bike riders.

163.    As a direct and proximate result of Defendant, Shimano Japan's negligent actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT XVIII
## NEGLIGENT FAILURE TO WARN
## VERSUS SHIMANO, INC.

164.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

165.    Defendant, Shimano Japan owed a duty of reasonable care to provide adequate directions and warnings to the ultimate user of any and all particular dangers and risks which were reasonably foreseeable and inherent in the use of the ST-EF500 brakes.

166.    Defendant, Shimano Japan breached that duty by failing to provide any warnings that under normal use on the bike, the ST-EF500 brakes could cause impalement and laceration injuries to bike riders such as Mr. Lynch.

167.    At all times relevant hereto, Defendant, Shimano Japan knew or should have known that the ST-EF500 brakes had a highly dangerous risk and propensity to cause serious laceration and bodily injuries to the intended user biker riders, such as Mr. Lynch.

168.    At all times relevant hereto, Mr. Lynch was using the bike and its ST-EF500 brakes in the manner in which they were intended.

169.    As a direct and proximate result of Defendant, Shimano Japan's negligent failure to warn, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

23

## COUNT XIX
## BREACH OF IMPLIED WARRANTY
### VERSUS SHIMANO, INC.

170.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

171.    Defendant, Shimano Japan agreed to sell and supply ST-EF500 brakes to Trek for incorporation on the subject bike, to be used by consumers such as Mr. Lynch.

172.    There was an implied warranty of merchantability with every Shimano ST-EF500 brake that it would be reasonably fit for the ordinary purpose for which it is used.

173.    Defendant, Shimano Japan breached that implied warranty of merchantability when it provided a product that under its normal and intended use on a bike, could cause serious impalement and laceration injuries to intended users such as Mr. Lynch.

174.    As a direct and proximate result of Defendant, Shimano Japan's breach of warranty of merchantability, Plaintiff suffered damages.

175.    Plaintiff provided timely notice to Defendant, Shimano Japan of its breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT XX
## BREACH OF IMPLIED WARRANTY: FAILURE TO WARN
### VERSUS SHIMANO, INC.

176.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

177.    Defendant, Shimano Japan designed, tested, manufactured, marketed, sold and supplied ST-EF500 brakes to Defendant, Trek  for incorporation to bikes, to be used by consumers such as Mr. Lynch.

178.    There was an implied warranty of merchantability with every ST-EF500 brake that it would be reasonably fit for the ordinary purpose for which it is used.

179.    At the time Defendant, Shimano Japan designed, tested, manufactured, assembled, marketed, labeled, distributed, and sold and supplied the ST-EF500 brakes to Defendant, Trek, it knew or should have known that the product presented an unreasonable danger to users when put to its intended and reasonably anticipated use. Specifically, Defendant, Shimano Japan knew or should have known that the ST-EF500 brake had a significant danger of causing serious impalement and laceration injuries to consumer bike riders, such as Mr. Lynch.

180.    Defendant, Shimano Japan had a duty to warn end users of these dangers by providing proper warnings and safety instructions to end users.

181.    Despite their duties, Defendant, Shimano Japan failed to warn of the dangerous propensities of the ST-EF500 brakes.

182.    No end user, including Plaintiff, Timothy Lynch, would have used the subject bike with ST-EF500 brakes had the dangerous propensities of the product to cause serious impalement and laceration injuries been known.

183.    The injury risks associated with the ST-EF500 brakes as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm

184.    Plaintiff, Timothy Lynch used the subject bike with ST-EF500 brakes in a normal, customary, intended, and foreseeable manner, by riding the bike on a bike path and using the brakes to slow down.

185.    Therefore, the ST-EF500 brakes used by the Plaintiff were defective and unreasonably dangerous at the time of release into the stream of commerce due to inadequate warnings, labeling and/or instructions accompanying the product.

186.    The ST-EF500 brakes used by Plaintiff, Timothy Lynch were in the same condition as when they were designed, tested, manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendant, Shimano Japan.

187.    As a direct and proximate cause of the foregoing failure to warn, Defendant, Shimano Japan breached the implied warranty of merchantability.

188.    As a direct and proximate result of Defendant, Shimano Japan's failure to warn and resulting breach of warranty of merchantability, Plaintiff suffered damages.

189.    Plaintiff provided timely notice to Defendant, Shimano Japan of its breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

<u>COUNT XXI</u>
<u>STRICT LIABILITY</u>
**VERSUS SHIMANO, INC.**

190.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

191.    Plaintiff, Timothy Lynch was using the subject bike and ST-EF500 brakes in the manner in which they were intended to be used.

192.    The ST-EF500 brakes on the subject bike were in a defective condition and unreasonably dangerous for their intended use.

193.    The ST-EF500 brakes were expected to and did reach Plaintiff Tim Lynch without a substantial change from the time they were manufactured.

194.    As a direct and proximate cause of the unreasonably dangerous condition of the ST-EF500 brakes, the Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT XXII
## STRICT LIABILITY: FAILURE TO WARN
## VERSUS SHIMANO, INC.

195.    The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

196.    Defendant, Shimano Japan sold and supplied ST-EF500 brakes to Defendant, Trek  for incorporation on the subject bike, to be used by consumers such as Mr. Lynch.

197.    At the time Defendant, Shimano Japan designed, tested, manufactured, assembled, marketed, labeled, distributed, and sold and supplied the ST-EF500 brakes to Defendant, Trek, it knew or should have known that the product presented an unreasonable danger to users when put to its intended and reasonably anticipated use. Specifically, Defendant, Shimano knew or should have known that the ST-EF500 brakes levers had a significant danger of causing serious impalement and laceration injuries to end users, such as Mr. Lynch.

198.    Defendant, Shimano Japan had a duty to warn of the risk of harm associated with the use of the ST-EF500 brakes and to provide adequate warnings and instructions on the dangers and safe and proper use of the device.

199.    Despite their duties, Defendant, Shimano Japan failed to warn of the dangerous propensities of the ST-EF500 brakes. No end user, including Plaintiff Timothy Lynch, would have used the subject bike with ST-EF500 brakes had the dangerous propensities of the product to cause serious impalement and laceration injuries been known.

200.    The injury risks associated with the ST-EF500 brakes as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

201.    Plaintiff, Timothy Lynch used the bike with Shimano brakes in a normal, customary, intended, and foreseeable manner, by riding the bike on a bike path.

202. The ST-EF500 brakes used by the Plaintiff were defective and unreasonably dangerous at the time of release into the stream of commerce due to inadequate warnings, labeling and/or instructions accompanying the product.

203. The ST-EF500 brake used by Plaintiff, Timothy Lynch was in the same condition as when it was designed, tested, manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendant, Shimano Japan.

204. As a direct and proximate cause of the foregoing failure to warn, Defendant, Shimano Japan is strictly liable to Plaintiff for failure to warn and for all resulting damages to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT XXIII
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## VERSUS SHIMANO, INC.

205. The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

206. Defendant, Shimano Japan knew that Defendant, Trek was purchasing ST-EF500 brakes for incorporation on the subject bike as brakes, to be used by consumer bike riders such as Mr. Lynch.

207. Defendant, Shimano Japan impliedly represented that the ST-EF500 brakes were fit and safe for use as brakes by its intended end users.

208. Defendant, Shimano Japan's ST-EF500 brakes were not reasonably fit for its particular purpose in that when used as a brake under its normal and intended use on a bike, it could cause serious impalement and laceration injuries to intended users such as Mr. Lynch.

209. As a direct and proximate result of Defendant, Shimano Japan's breach of warranty of fitness for a particular purpose, Plaintiff suffered damages.

28

210.   Plaintiff provided timely notice to Defendant, Shimano Japan of breach of warranty.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**COUNT XXIV**
**BREACH OF EXPRESS WARRANTY**
**VERSUS SHIMANO, INC.**

211.   The aforesaid allegations are hereby re-alleged and incorporated by reference as if set forth in full.

212.   At all times relevant hereto, Defendant, Shimano Japan designed, tested, manufactured, marketed, sold and supplied the subject bike with Shimano ST-EF500 brakes.

213.   Defendant, Shimano Japan provided certain express warranties concerning the essential quality and fitness of the subject bike with Shimano ST-EF500 brakes to Plaintiff Timothy Lynch.

214.   Defendant, Shimano Japan's express warranties to Plaintiff, Timothy Lynch were part of the basis of the bargain between Defendant, Shimano Japan and Mr. Lynch.

215.   Defendant, Shimano Japan violated these express warranties to Mr. Lynch by selling him the subject bike with Shimano ST-EF500 brakes which was defective and unreasonably dangerous to end users like Mr. Lynch, because it presented a high risk of causing serious bodily injury to its users.

216.   As a result, the bike did not have the essential qualities that Defendant warranted.

217.   As a direct and proximate result of Defendant, Shimano Japan's breach of express warranty, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff suffered damages, including medical bills, scarring and disfigurement, lost wages, pain and suffering and mental anguish. Plaintiff prays that this Honorable Court:

A.  Award Plaintiff compensatory damages in the amount of two million dollars ($2,000,000);

B.  Enter judgment against all Defendants;

C.  Award attorneys' fees, costs, and expenses;

D.  Pre-judgment and post-judgment interest on the judgments entered; and

E.  Grant such other relief as appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial jury on all issues.

Dated: January 16, 2025

Respectfully submitted,
Plaintiff,
Timothy Lynch,
By his attorneys,


/s/ *Adam J. Combies*
Adam J. Combies
COMBIES HANSON, P.C.
12 Ericsson Street, Suite 201
Boston, MA 02122
T: (617) 556-9964
F: (617) 977-9705
acombies@combieshanson.com

and,

/s/ *Jonathan P. Michaud*
Jonathan P. Michaud, Esq.
Michaud Law LLC
88 Broad Street, Ste. 101
Boston, MA 02110
Tel : (617) 528-9701
Fax : (857) 214-4245
jpm@michaudlawllc.com

31