UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| TIMOTHY LYNCH, )<br>    Plaintiff, )<br> )<br> )<br>v. )<br> )<br> )<br>TREK BICYCLE COPORATION, )<br>SHIMANO NORTH AMERICA )<br>HOLDING, INC. & SHIMANO, INC., )<br>    Defendants. )<br> ) | C.A. No. 24-cv-043-JJM-AEM |

ORDER

Plaintiff Timothy Lynch sued Defendants Trek Bicycle Corporation, Shimano North America Holding, Inc., and Shimano, Inc. for injuries he suffered due to a bicycle accident. Shimano, Inc. ("SIC") moves to dismiss the case for lack of jurisdiction pursuant to the Federal Rules Civil Procedure Rule 12(b)(2). ECF No. 38. For the reasons below, the Court DENIES SIC's Motion.

I.  BACKGROUND

    A.  The Pertinent Parties

SIC is organized under the laws of Japan and has its headquarters and principal place of business in Sakai City, Osaka, Japan. ECF No. 25 ¶ 7. SIC does not maintain an agent for service of process in Rhode Island; is not domiciled in Rhode Island; has never had an office in Rhode Island; has never been registered to do business in Rhode Island; has no employees that reside or work in Rhode Island; and has never owned or leased any real property in Rhode Island. ECF No. 38, Exhibit A- Declaration ¶ 5.

Shimano North America Holding, Inc. ("Shimano US") is a subsidiary of SIC. ECF No. 25 ¶ 6. Shimano US is foreign corporation organized under the laws of California and has its principal place of business in California. *Id.* Shimano US is registered to do business in Rhode Island. *Id.*

### B. The Alleged Injury

Mr. Lynch is a Rhode Island resident. ECF No. 25 ¶ 4. In 2017, he purchased a Trek Verse 1 bicycle with Shimano ST-EF500 brake/gear levers from NBX Bikes in Rhode Island. *Id.* ¶¶ 8, 10. While riding the bike a few years later, Mr. Lynch lost his balance and fell while braking and turning right to avoid his wife. *Id.* ¶ 17. When he landed, the Shimano ST-EF500 brake lever on the left handlebar impaled his left thigh, causing a deep laceration. *Id.* ¶ 19.

Defendant, Trek allegedly designed, tested, manufactured, marketed, sold and supplied the bike to NBX Bikes. *Id.* ¶¶ 9,11. The bike was equipped with ST-EF500 brakes on each handlebar, which SIC and Shimano US allegedly designed, tested, manufactured, marketed, sold and supplied. *Id.* ¶ 10.

Mr. Lynch sued Trek, SIC, and Shimano US for negligent design, negligent failure to warn, breach of implied warranty, strict liability, breach of implied warranty of fitness for a particular purpose, breach of express warranty, and res ipsa loquitor. *See* ECF No. 1.

## II. STANDARD OF REVIEW

In reviewing motions brought under Fed. R. Civ. P.12(b)(2), the court "take[s] specific facts affirmatively alleged by the plaintiff as true (whether or not disputed)

2

and construe[s] them in the light most congenial to the plaintiff's jurisdictional claim." *Negrón-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007) (citing *Mass. Sch. of Law, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)). The Court can consider "facts put forward by the defendants, to the extent that they are uncontradicted." *Id.* The plaintiff bears the burden of establishing the court's personal jurisdiction over the defendants. *Cossart v. United Excel Corp.*, 804 F.3d 13, 18 (1st Cir. 2015).

### III. DISCUSSION

In diversity cases like this one, the exercise of personal jurisdiction must be both authorized by state statute and permitted by the Constitution. The Rhode Island long-arm statute is coextensive with the permissible reach of the Due Process Clause. *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 16 (1st Cir. 2009); *Cerberus Partners, L.P. v. Gadsby & Hannah, LLP*, 836 A.2d 1113, 1118 (R.I. 2003).

Consistent with Due Process Clause, a defendant must have certain "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Negrón-Torres*, 478 F.3d at 24 (quoting *Int'l Shoe Co. v. Wash., Off. of Unemployment*, 326 U.S. 310, 316 (1945)). There are two types of personal jurisdiction, general and specific, at least one of which must be met for a federal court to have jurisdiction over a defendant. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779–80 (2017) (quoting *Goodyear*, 564 U.S. at 919). Because Mr. Lynch does not contend that this Court has

3

general jurisdiction over defendants, the Court will only consider whether it has specific personal jurisdiction here.

### A. Specific Personal Jurisdiction

Specific jurisdiction occurs "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088–89 (1st Cir. 1992). The test for specific personal jurisdiction has three prongs: relatedness, purposeful availment, and reasonableness. *See Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999). That is, a plaintiff must show that: "(1) the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities; (2) those contacts must constitute purposeful availment of the benefits and protections afforded by the forum's laws; and (3) jurisdiction must be reasonable in light of a number of factors touching upon fundamental fairness." *Id*. "Questions of specific jurisdiction are always tied to the particular claims asserted." *Id*. at 289.

#### 1. Relatedness

The relatedness requirement centers "on the causal nexus between [the defendant's] forum-based contacts and the harm underlying [the plaintiff's] complaint." *Microfibres, Inc. v. Squires Hightech Corp.*, No. CA04-21-T, 2006 WL 305975, at *4 (D.R.I. Feb. 8, 2006); *see also Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995). Here, Mr. Lynch alleges that he sustained injuries from a Shimano ST-EF500 integrated brake/gear lever. He must show a sufficient "causal nexus"

4

between SIC's contacts with Rhode Island and his cause of actions. *See PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 18 (1st Cir. 2019). In other words, the plaintiff's claims must arise out of, or relate to, the defendant's forum-state activities. *See Ford Motor Co. v. Montana Eighth Jud. District Court*, 592 U.S. 351, 352 (2021).

Here, Mr. Lynch has proffered facts establishing that (1) SIC's website states its service centers and dealers carry their component parts; (2) the service centers display Shimano branding inside and outside their shops; (3) SIC imposes specific requirements on service centers, including completion of Shimano e-learning and stocking original parts; (4) NBX Bikes' website (the store where Mr. Lynch purchased the bike) contains a product search engine listing Shimano as a brand with 489 products; (5) the website includes a privacy notice identifying SIC's subsidiaries, affiliates, and other entities SIC controls and describes Shimano as a global company active worldwide; and (5) Mr. Lynch purchased the product at issue from the SIC-"Authorized Cycling Dealer" in Rhode Island.

The Court finds that these facts are sufficient to establish that Mr. Lynch's causes of action" arise out of or relate to [SIC's] contacts with the forum." *See Ford Motor Co.*, 592 U.S. at 352.

### 2. Purposeful Availment

The purposeful availment requirement ensures that jurisdiction rests on a defendant's voluntary and foreseeable contacts with the forum, *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 207 (1st Cir. 1994), and not premised solely upon 'random, isolated, or fortuitous' contacts with the forum state." *Sawtelle v. Farrell*,

5

70 F.3d 1381, 1391 (1st Cir. 1995). Nor can jurisdiction be based on "unilateral activity of another party or a third person." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)). "For purposes of purposeful availment, "[v]oluntariness exists when a defendant reaches out to plaintiff's state of residence to create a relationship." *See Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 292 (1st Cir.1999). Additionally, "the foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Placement of "a product into the stream of commerce, without more," is insufficient to show purposeful availment. *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987) (plurality op.). A defendant reaps the benefits of a forum by, for example, "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Id*.

To argue against a finding of purposeful availment, SIC argues that mere placement of a product into the stream of commerce is not enough to show that it voluntarily and foreseeably connected with Rhode Island consumers. True, but those are not the facts here. The record reflects more than just passive distribution. SIC maintained an interactive website marketing their products, identifying authorized service centers and certified dealers, and providing updated information on product

6

availability and purchase locations. SIC derived revenue from these sales and knowingly marketed and sold products in Rhode Island.

This is not the case in which a manufacturer's products happened to reach the forum through an unrestricted national distribution chain. Rather, the evidence demonstrates SIC's deliberate efforts to serve the Rhode Island market by exercising control over the marketing and distribution of their products within the forum. SIC's brake levers did not just inexplicably "find their way" to Mr. Lynch and his bicycle; they were marketed, sold, and capable of being repaired in Rhode Island. Taking Mr. Lynch's properly supported facts as true, the Court finds that he has met his prima facie burden to establish that SIC purposefully availed itself of Rhode Island such that claims against it here would be foreseeable.

### 3. Reasonableness

To assess reasonableness, the Court considers the "gestalt" factors: (1) SIC's burden of appearing in Rhode Island; (2) Rhode Island's interest in adjudicating the dispute; (3) Mr. Lynch's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *Knox v. MetalForming, Inc.*, 914 F.3d 685, 694 (1st Cir. 2019). Such factors are "are not ends in themselves, but they are, collectively, a means of assisting courts in achieving substantial justice." *Pritzker v. Yari*, 42 F.3d 53, 64 (1st Cir. 1994).

We consider first the burden on SIC of litigating in Rhode Island. It is "almost always inconvenient and costly for a party to litigate in a foreign jurisdiction," but for

this factor to have any significance, a defendant "must demonstrate that 'exercise of jurisdiction in the present circumstances is onerous in a special, unusual, or other constitutionally significant way.'" *Pritzker*, 42 F.3d at 64. Although SIC asserts that defending this action in Rhode Island would be burdensome due to the location of records and witnesses in Japan, the inconvenience of travel and expense does not, without more, constitute an "extraordinary" burden sufficient to render justification unreasonable. *See, e.g., Pritzker*, 42 F.3d at 64 (noting that traveling to Puerto Rico is not overly burdensome in the modern era). Given SIC's admitted status as a global company with operations all over the world and its ongoing business in Rhode Island, its assertion of undue burden is unpersuasive.

As to the second factor, Rhode Island has a substantial interest in providing a forum for disputes involving in-state injuries caused by out-of-state actors. *See Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 211 (1st Cir. 1994) ("The forum state has a demonstrable interest in exercising jurisdiction over one who causes tortious injury within its borders."). Therefore, the second consideration also weighs in favor of finding jurisdiction.

The third factor to consider is that of a plaintiff's convenience. Because he is a Rhode Island resident, Mr. Lynch's choice of forum deserves deference, and his witnesses are likewise located locally. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). We next evaluate the fourth factor–the judicial system's interest in obtaining the most effective resolution of the controversy. SIC maintains that they are not a necessary party because Mr. Lynch may obtain complete relief against Trek

8

as an alleged joint forfeiture. On balance, "the interest of the judicial system in the effective administration of justice does not appear to cut in either direction" here so the Court moves on to the final factor. *Ticketmaster*, 26 F.3d at 211. The fifth factor supports jurisdiction, as Rhode Island "has a legitimate stake in providing its citizens with a convenient forum for adjudicating disputes." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 41 (1st Cir. 2016). This interest is arguably addressed by the second factor, but it is often analyzed under this factor as well. There does not seem to be a substantive social policy at issue here.

While the fourth factor is neutral, the remaining gestalt factors weigh in Mr. Lynch's favor. Accordingly, the Court finds that exercising specific personal jurisdiction over SIC is reasonable and that Mr. Lynch has sufficiently established that personal jurisdiction is appropriate here.

## IV.   CONCLUSION

For all these reasons, the Court DENIES SIC's Motion to Dismiss. ECF No. 38.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief United States District Judge

September 29, 2025

9