UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| TIMOTHY LYNCH | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | Case No. 1:24-CV-00043-JJM-LDA |
| | : | |
| TREK BICYCLE COPORATION, | : | |
| SHIMANO NORTH AMERICA HOLDING, INC. | : | |
| & SHIMANO, INC. | : | |
| *Defendants* | : | |

**ANSWER OF SHIMANO, INCORPORATED
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Shimano, Inc. ("Defendant" or "SIC"), and in response to each and every

allegation of Plaintiff's Complaint, SIC responds as follows:

**INTRODUCTORY STATEMENT**

To the extent that the introductory paragraph of the Complaint contains factual allegations

to which a responsive pleading is required, Defendant denies those allegations.

**JURISDICTION AND VENUE**

1.    The allegations contained in Paragraph One (1) of the Complaint are legal conclusions

that require no response of the Defendant. To the extent that such allegations require a response,

Defendant states that Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph One (1) of the Complaint.  Defendant

further states that to the extent the allegations in Paragraph One (1) of the Complaint are

intended to suggest or imply any liability on the part of SIC, they are denied.

2.    The allegations contained in Paragraph Two (2) of the Complaint are legal conclusions that

require no response of the Defendant. To the extent that such allegations require a response,

1

Defendant states that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Two (2) of the Complaint.  Defendant further states that to the extent the allegations in Paragraph Two (2) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

3.      The allegations contained in Paragraph Three (3) of the Complaint are legal conclusions that require no response of the Defendant. To the extent that such allegations require a response, Defendant states that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Three (3) of the Complaint.  Defendant further states that to the extent the allegations in Paragraph Three (3) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**PARTIES**

4.      The allegations contained in Paragraph Four (4) of the Complaint are admitted.

5.      The allegations contained in Paragraph Five (5) of the Complaint are directed at a Defendant other than SIC, thus no response is required. To the extent the allegations in Paragraph Five (5) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

6.      SIC admits that Shimano North America Holding, Inc. is a foreign corporation, registered in Rhode Island and organized under the laws of California, with a principal place of business located at 1 Holland, Irvine, California, and that it is a subsidiary of Shimano, Inc. SIC denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendant admits that it is a foreign corporation with a principal place of business in Sakai City, Osaka, Japan and that it is the parent corporation of Defendant, Shimano North

2

America Holding, Inc. SIC denies the remaining allegations contained in Paragraph Seven (7) of the Complaint.

## GENERAL FACTUAL ALLEGATIONS

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eight (8) of the Complaint.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nine (9) of the Complaint.

10.    The allegations contained in Paragraph Ten (10) of the Complaint are denied.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eleven (11) of the Complaint.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twelve (12) of the Complaint.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirteen (13) of the Complaint.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fourteen (14) of the Complaint.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifteen (15) of the Complaint.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixteen (16) of the Complaint.

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventeen (17) of the Complaint.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighteen (18) of the Complaint.

19.    The allegations contained in Paragraph Nineteen (19) of the Complaint are denied.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty (20) of the Complaint.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-One (21) of the Complaint.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Two (22) of the Complaint.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Three (23) of the Complaint.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Four (24) of the Complaint.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Five (25) of the Complaint.

**COUNT I**
**NEGLIGENT DESIGN**
*v. Shimano North American Holding, Incorporated*

26.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through Twenty-Five (25) of its Answer to the Complaint as if more fully set forth herein.

27-34.    SIC states that the allegations in Count I, Paragraphs Twenty-Seven (27) through Thirty-Four (34) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs Twenty-Seven (27) through Thirty-Four

4

(34) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**COUNT II**
**NEGLIGENT DESIGN**
*v. Trek Bicycle Corporation*

35.   Defendant reasserts and incorporates its responses to Paragraphs One (1) through Thirty-Four (34) of its Answer to the Complaint as if more fully set forth herein.

36-44.   SIC states that the allegations in Count II, Paragraphs Thirty-Six (36) through Forty-Four (44) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs Thirty-Six (36) through Forty-Four (44) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**COUNT III**
**NEGLIGENT FAILURE TO WARN**
*v. Shimano North American Holding, Incorporated*

45.   Defendant reasserts and incorporates its responses to Paragraphs One (1) through Forty-Four (44) of its Answer to the Complaint as if more fully set forth herein.

46-50.   SIC states that the allegations in Count III, Paragraphs Forty-Six (46) through Fifty (50) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs Forty-Six (46) through Fifty (50) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**COUNT IV**
**NEGLIGENT FAILURE TO WARN**
*v. Trek Bicycle Corporation*

51.   Defendant reasserts and incorporates its responses to Paragraphs One (1) through Fifty (50) of its Answer to the Complaint as if more fully set forth herein.

5

52-56.    SIC states that the allegations in Count IV, Paragraphs Fifty-Two (52) through Fifty-Six (56) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs Fifty-Two (52) through Fifty-Six (56) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

## COUNT V
## BREACH OF IMPLIED WARRANTY
*v. Shimano North American Holding, Incorporated*

57.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through Fifty-Six (56) of its Answer to the Complaint as if more fully set forth herein.

58-62.    SIC states that the allegations in Count V, Paragraphs Fifty-Eight (58) through Sixty-Two (62) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs Fifty-Eight (58) through Sixty-Two (62) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

## COUNT VI
## BREACH OF IMPLIED WARRANTY
*v. Trek Bicycle Corporation*

63.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through Sixty-Two (62) of its Answer to the Complaint as if more fully set forth herein.

64-68.    SIC states that the allegations in Count VI, Paragraphs Sixty-Four (64) through Sixty-Eight (68) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs Sixty-Four (64) through Sixty-Eight (68) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**COUNT VII**
**BREACH OF IMPLIED WARRANTY: FAILURE TO WARN**
*v. Shimano North American Holding, Incorporated*

69.     Defendant reasserts and incorporates its responses to Paragraphs One (1) through Sixty-Eight (68) of its Answer to the Complaint as if more fully set forth herein.

70-82.   SIC states that the allegations in Count VII, Paragraphs Seventy (70) through Eighty-Two (82) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs Seventy (70) through Eighty-Two (82) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**COUNT VIII**
**BREACH OF IMPLIED WARRANTY: FAILURE TO WARN**
*v. Trek Bicycle Corporation*

83.     Defendant reasserts and incorporates its responses to Paragraphs One (1) through Eighty-Two (82) of its Answer to the Complaint as if more fully set forth herein.

84-97.   SIC states that the allegations in Count VIII, Paragraphs Eighty-Four (84) through Ninety-Seven (97) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs Eighty-Four (84) through Ninety-Seven (97) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**COUNT IX**
**STRICT LIABILITY**
*v. Shimano North American Holding, Incorporated*

98.     Defendant reasserts and incorporates its responses to Paragraphs One (1) through Ninety-Seven (97) of its Answer to the Complaint as if more fully set forth herein.

99-102.      SIC states that the allegations in Count IX, Paragraphs Ninety-Nine (99) through One-Hundred and Two (102) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs Ninety-Nine (99) through

7

One-Hundred and Two (102) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

## COUNT X
## STRICT LIABILITY
*v. Trek Bicycle Corporation*

103.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Two (102) of its Answer to the Complaint as if more fully set forth herein.

104-107.    SIC states that the allegations in Count X, Paragraphs One-Hundred and Four (104) through One-Hundred and Seven (107) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs One-Hundred and Four (104) through One-Hundred and Seven (107) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

## COUNT XI
## STRICT LIABILITY: FAILURE TO WARN
*v. Shimano North American Holding, Incorporated*

108.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Seven (107) of its Answer to the Complaint as if more fully set forth herein.

109-117.    SIC states that the allegations in Count XI, Paragraphs One-Hundred and Nine (109) through One-Hundred and Seventeen (117) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs One-Hundred and Nine (109) through One-Hundred and Seventeen (117) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**COUNT XII**
**STRICT LIABILITY: FAILURE TO WARN**
*v. Trek Bicycle Corporation*

118.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Seventeen (117) of its Answer to the Complaint as if more fully set forth herein.

119-127.    SIC states that the allegations in Count XII, Paragraphs One-Hundred and Nineteen (119) through One-Hundred and Twenty-Seven (127) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs One-Hundred and Nineteen (119) through One-Hundred and Twenty-Seven (127) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**COUNT XIII**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
*v. Shimano North American Holding, Incorporated*

128.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Twenty-Seven (127) of its Answer to the Complaint as if more fully set forth herein.

129-133.    SIC states that the allegations in Count XIII, Paragraphs One-Hundred and Twenty-Nine (129) through One-Hundred and Thirty-Three (133) of the Complaint, are directed at a defendant other than SIC, thus no response is required.  To the extent the allegations in Paragraphs One-Hundred and Twenty-Nine (129) through One-Hundred and Thirty-Three (133) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**COUNT XIV**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
*v. Trek Bicycle Corporation*

134.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Thirty-Three (133) of its Answer to the Complaint as if more fully set forth herein.

9

135-139. SIC states that the allegations in Count XIV, Paragraphs One-Hundred and Thirty-Five (135) through One-Hundred and Thirty-Nine (139) of the Complaint, are directed at a defendant other than SIC, thus no response is required. To the extent the allegations in Paragraphs One-Hundred and Thirty-Five (135) through One-Hundred and Thirty-Nine (139) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**COUNT XV**
**BREACH OF EXPRESS WARRANTY**
*v. Trek Bicycle Corporation*

140. Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Thirty-Nine (139) of its Answer to the Complaint as if more fully set forth herein.

141-146. SIC states that the allegations in Count XV, Paragraphs One-Hundred and Forty-One (141) through One-Hundred and Forty-Six (146) of the Complaint, are directed at a defendant other than SIC, thus no response is required. To the extent the allegations in Paragraphs One-Hundred and Forty-One (141) through One-Hundred and Forty-Six (146) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

**COUNT XVI**
**RES IPSA LOQUITOR**
*v. All Defendants*

147. Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Forty-Six (146) of its Answer to the Complaint as if more fully set forth herein.

148. The allegations contained in Paragraph One-Hundred and Forty-Eight (148) of the Complaint are denied.

149. The allegations contained in Paragraph One-Hundred and Forty-Nine (149) of the Complaint are denied.

150.    The allegations contained in Paragraph One-Hundred and Fifty (150) of the Complaint are denied.

151.    The allegations contained in Paragraph One-Hundred and Fifty-One (151) of the Complaint are denied.

152.    The allegations contained in Paragraph One-Hundred and Fifty-Two (152) of the Complaint are denied.

153.    The allegations contained in Paragraph One-Hundred and Fifty-Three (153) of the Complaint are denied.

154.    The allegations contained in Paragraph One-Hundred and Fifty-Four (154) of the Complaint are denied.

## COUNT XVII
## NEGLIGENT DESIGN
*v. Shimano, Inc.*

155.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Fifty-Four (154) of its Answer to the Complaint as if more fully set forth herein.

156.    The allegations contained in Paragraph One-Hundred and Fifty-Six (156) of the Complaint are denied.

157.    The allegations contained in Paragraph One-Hundred and Fifty-Seven (157) of the Complaint call for a legal conclusion that requires no response of the Defendant. To the extent the allegations in Paragraph One-Hundred and Fifty-Seven (157) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

158.    The allegations contained in Paragraph One-Hundred and Fifty-Eight (158) of the Complaint are denied.

159.    The allegations contained in Paragraph One-Hundred and Fifty-Nine (159) of the Complaint are denied.

11

160. The allegations contained in Paragraph One-Hundred and Sixty (160) of the Complaint are denied.

161. The allegations contained in Paragraph One-Hundred and Sixty-One (161) of the Complaint are denied.

162. The allegations contained in Paragraph One-Hundred and Sixty-Two (162) of the Complaint are denied.

163. The allegations contained in Paragraph One-Hundred and Sixty-Three (163) of the Complaint are denied.

**COUNT XVIII**
**NEGLIGENT FAILURE TO WARN**
*v. Shimano, Inc.*

164. Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Sixty-Three (163) of its Answer to the Complaint as if more fully set forth herein.

165. The allegations contained in Paragraph One-Hundred and Sixty-Five (165) of the Complaint call for a legal conclusion that requires no response of the Defendant. To the extent the allegations in Paragraph One-Hundred and Sixty-Five (165) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

166. The allegations contained in Paragraph One-Hundred and Sixty-Six (166) of the Complaint are denied.

167. The allegations contained in Paragraph One-Hundred and Sixty-Seven (167) of the Complaint are denied.

168. The allegations contained in Paragraph One-Hundred and Sixty-Eight (168) of the Complaint are denied.

169.    The allegations contained in Paragraph One-Hundred and Sixty-Nine (169) of the Complaint are denied.

**COUNT XIX**
**BREACH OF IMPLIED WARRANTY**
*v. Shimano, Inc.*

170.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Sixty-Nine (169) of its Answer to the Complaint as if more fully set forth herein.

171.    The allegations contained in Paragraph One-Hundred and Seventy-One (171) of the Complaint are denied.

172.    The allegations contained in Paragraph One-Hundred and Seventy-Two (172) of the Complaint call for a legal conclusion that requires no response of the Defendant. To the extent the allegations in Paragraph One-Hundred and Seventy-Two (172) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

173.    The allegations contained in Paragraph One-Hundred and Seventy-Three (173) of the Complaint are denied.

174.    The allegations contained in Paragraph One-Hundred and Seventy-Four (174) of the Complaint are denied.

175.    The allegations contained in Paragraph One-Hundred and Seventy-Five (175) of the Complaint are denied.

**COUNT XX**
**BREACH OF IMPLIED WARRANTY: FAILURE TO WARN**
*v. Shimano, Inc.*

176.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Seventy-Five (175) of its Answer to the Complaint as if more fully set forth herein.

177.    The allegations contained in Paragraph One-Hundred and Seventy-Seven (177) of the Complaint are denied.

178.    The allegations contained in Paragraph One-Hundred and Seventy-Eight (178) of the Complaint call for a legal conclusion that requires no response of the Defendant. To the extent the allegations in Paragraph One-Hundred and Seventy-Eight (178) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

179.    The allegations contained in Paragraph One-Hundred and Seventy-Nine (179) of the Complaint are denied.

180.    The allegations contained in Paragraph One-Hundred and Eighty (180) of the Complaint call for a legal conclusion that requires no response of the Defendant. To the extent the allegations in Paragraph One-Hundred and Eighty (180) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

181.    The allegations contained in Paragraph One-Hundred and Eighty-One (181) of the Complaint are denied.

182.    The allegations contained in Paragraph One-Hundred and Eighty-Two (182) of the Complaint are denied.

183.    The allegations contained in Paragraph One-Hundred and Eighty-Three (183) of the Complaint call for a legal conclusion that requires no response of the Defendant. To the extent the allegations in Paragraph One-Hundred and Eighty-Three (183) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

184.    The allegations contained in Paragraph One-Hundred and Eighty-Four (184) of the Complaint are denied.

185.     The allegations contained in Paragraph One-Hundred and Eighty-Five (185) of the Complaint are denied.

186.     The allegations contained in Paragraph One-Hundred and Eighty-Six (186) of the Complaint are denied.

187.     The allegations contained in Paragraph One-Hundred and Eighty-Seven (187) of the Complaint are denied.

188.     The allegations contained in Paragraph One-Hundred and Eighty-Eight (188) of the Complaint are denied.

189.     The allegations contained in Paragraph One-Hundred and Eighty-Nine (189) of the Complaint are denied.

## COUNT XXI
## STRICT LIABILITY
*v. Shimano, Inc.*

190.     Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Eighty-Nine (189) of its Answer to the Complaint as if more fully set forth herein.

191.     The allegations contained in Paragraph One-Hundred and Ninety-One (191) of the Complaint are denied.

192.     The allegations contained in Paragraph One-Hundred and Ninety-Two (192) of the Complaint are denied.

193.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One-Hundred and Ninety-Three (193) of the Complaint.

194.     The allegations contained in Paragraph One-Hundred and Ninety-Four (194) of the Complaint are denied.

## COUNT XXII
## STRICT LIABILITY: FAILURE TO WARN
*v. Shimano, Inc.*

195.    Defendant reasserts and incorporates its responses to Paragraphs One (1) through One-Hundred and Ninety-Four (194) of its Answer to the Complaint as if more fully set forth herein.

196.    The allegations contained in Paragraph One-Hundred and Ninety-Six (196) of the Complaint are denied.

197.    The allegations contained in Paragraph One-Hundred and Ninety-Seven (197) of the Complaint are denied.

198.    The allegations contained in Paragraph One-Hundred and Ninety-Eight (98) of the Complaint call for a legal conclusion that requires no response of the Defendant. To the extent the allegations in Paragraph One-Hundred and Ninety-Eight (198) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

199.    The allegations contained in Paragraph One-Hundred and Ninety-Nine (199) of the Complaint are denied.

200.    The allegations contained in Paragraph Two Hundred (200) of the Complaint are denied.

201.    The allegations contained in Paragraph Two-Hundred and One (201) of the Complaint are denied.

202.    The allegations contained in Paragraph Two-Hundred and Two (202) of the Complaint are denied.

203.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Two-Hundred and Three (203) of the Complaint.

204.    The allegations contained in Paragraph Two-Hundred and Four (204) of the Complaint are denied.

## COUNT XXIII
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
*v. Shimano, Inc.*

205. Defendant reasserts and incorporates its responses to Paragraphs One (1) through Two-Hundred and Four (204) of its Answer to the Complaint as if more fully set forth herein.

206. The allegations contained in Paragraph Two-Hundred and Six (206) of the Complaint are denied.

207. The allegations contained in Paragraph Two-Hundred and Seven (207) of the Complaint call for a legal conclusion that requires no response of the Defendant. To the extent the allegations in Paragraph Two-Hundred and Seven (207) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

208. The allegations contained in Paragraph Two-Hundred and Eight (208) of the Complaint are denied.

209. The allegations contained in Paragraph Two-Hundred and Nine (209) of the Complaint are denied.

210. The allegations contained in Paragraph Two-Hundred and Ten (210) of the Complaint are denied.

## COUNT XXIV
## BREACH OF EXPRESS WARRANTY
*v. Shimano, Inc.*

211. Defendant reasserts and incorporates its responses to Paragraphs One (1) through Two-Hundred and Ten (210) of its Answer to the Complaint as if more fully set forth herein.

212. The allegations contained in Paragraph Two-Hundred and Twelve (212) of the Complaint are denied.

213. The allegations contained in Paragraph Two-Hundred and Thirteen (213) of the Complaint call for a legal conclusion that requires no response of the Defendant. To the extent the allegations

in Paragraph Two-Hundred and Thirteen (213) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

214.    The allegations contained in Paragraph Two-Hundred and Fourteen (214) of the Complaint call for a legal conclusion that requires no response of the Defendant. To the extent the allegations in Paragraph Two-Hundred and Fourteen (214) of the Complaint are intended to suggest or imply any liability on the part of SIC, they are denied.

215.    The allegations contained in Paragraph Two-Hundred and Fifteen (215) of the Complaint are denied.

216.    The allegations contained in Paragraph Two-Hundred and Sixteen (216) of the Complaint are denied.

217.    The allegations contained in Paragraph Two-Hundred and Seventeen (217) of the Complaint are denied.

WHEREFORE, the Defendant prays that the Complaint be dismissed, that all costs be cast against the Plaintiff, and for such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint fails to state a claim against SIC upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(3), this Court lacks subject matter jurisdiction and/or personal jurisdiction over the Defendant SIC.

18

### THIRD AFFIRMATIVE DEFENSE

To the extent the product of which Plaintiff's complains was not designed or manufactured by SIC, this Defendant is an improper party to this action.

### FOURTH AFFIRMATIVE DEFENSE

At all times, this Defendant acted reasonably and with due care toward Plaintiff's and was not negligent.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused in whole or in part by the negligence and/or acts of third parties over whom SIC exercised no control nor had any right of control. Therefore, no recovery may be had against SIC.

### SIXTH AFFIRMATIVE DEFENSE

No act of omission on the part of SIC caused or contributed to the injury or damage of Plaintiff, and therefore no recovery may be had against SIC.

### SEVENTH AFFIRMATIVE DEFENSE

SIC raises the defenses of comparative negligence and assumption of the risk on the part of Plaintiff to the extent the same are supported through discovery.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages and injuries were directly and proximately caused by the superseding, intervening acts and conduct of others over whom SIC has no control, and therefore Plaintiff is barred from recovery against SIC.

### NINTH AFFIRMATIVE DEFENSE

If Plaintiff's alleged damages and injuries were caused by any product for which SIC may be responsible, Plaintiff's claims are barred because the product was designed and manufactured

19

in a reasonably safe manner, conformed to industry standards, and was in full compliance with all applicable laws, statutes, and regulations. Therefore, Plaintiff may not recover against SIC.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff's alleged damages and injuries were caused by any product for which SIC may be responsible, Plaintiff's claims are barred because the subject product may have been improperly maintained, serviced, or repaired by third parties not under the control, direction, or supervision of SIC. Therefore, Plaintiff may not recover against SIC.

## ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to Fed. R. Civ. P. 12(b)(3) and 19, Plaintiff's claims are barred due to their failure to join indispensable parties.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff's alleged damages and injuries were caused by any product for which SIC may be responsible, this Defendant asserts the defenses of product abuse, misuse, substantial modification and/or spoliation.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against SIC as there was no design or manufacturing defect in Defendant's product.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff's alleged damages and injuries were caused by any product for which SIC may be responsible, there was no defect existing in the product at the time it left the Defendant's hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any claims for punitive damages violate the equal protection, due process and unlawful fines provisions of the U.S. Constitution, and the statutory scheme for awarding punitive damages

in the State of Rhode Island, is unconstitutionally vague and otherwise provides inadequate constitutional safeguards to the Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be impermissible under the standards established by the United States Supreme Court in the cases of *BMW of North America, Inc. v. Ira Gore, Jr.*, 517 U.S. 559 (1995); *State Farm Mut. Automobile Inc. Co. v. Campbell,* 538 U.S. 408 (2003); *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages under any statutory provision or law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

SIC asserts that if Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised Plaintiff's claims, or any portion thereof, Plaintiff's claims may be barred or reduced by payment, accord, satisfaction, arbitration and award, release, waiver, estoppel, and res judicata.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that any co-defendants or other entity/person have concluded or may conclude settlements with the Plaintiff, SIC is entitled to a setoff for any amount paid or to be paid in the future.

## TWENTIETH AFFIRMATIVE DEFENSE

Any recovery must be apportioned and/or reduced among all persons and entities, according to their degree of fault, including a reduction in proportion to the degree of Plaintiff's fault.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Pursuant to R.I. Gen. Laws §9-1-32, Defendant is not liable because alterations subsequent to manufacture, including a failure to maintain, were a substantial cause of the alleged injury or damage.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The concept of strict liability does not apply to this litigation.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent applicable, Defendant preserves the defense of substantial modification.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant denies that there existed any warranties, express or implied, to the Plaintiff in this action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant breached no warranties, express or implied.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff was not in privity with this Defendant, and Plaintiff therefore may not recover upon any alleged breach of any alleged warranty, express or implied.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide any notice of any alleged defect.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the applicable statutes of limitation and/or statutes of repose.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff did not reasonably and justifiably rely on any alleged representations or warranties, express or implied.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrines of estoppel, laches, and/or waiver.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Economic and consequential damages are not properly recoverable in tort actions, including actions based on negligence or strict liability.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages claimed in this lawsuit.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the assumption of risk doctrine.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred by the defenses of superseding and/or intervening cause.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery may be barred or reduced by virtue of the fact that Plaintiff had the last clear chance to avoid his alleged injuries and damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

This Defendant adopts by reference all affirmative defenses raised by all other defendants, except to the extent that any such affirmative defenses may make any allegations against this Defendant.

## DEMAND FOR JURY TRIAL

Defendant Shimano, Incorporated hereby demands a jury trial.

23

This 10th day of October, 2025.

Defendant,
SHIMANO, INCORPORATED,
By Its Attorneys,

**HIGGINS CAVANAGH & COONEY, LLP**

*/s/ James A. Ruggieri*
James A. Ruggieri, Esq. (#2828)
10 Dorrance Street, Suite 400
Providence, RI 02903
(401) 272-3500
jruggieri@hcc-law.com

## CERTIFICATION OF SERVICE

I, James A. Ruggieri, hereby certify that the within document was electronically filed on October 10, 2025.  I further certify that a true copy of the within was sent by electronic means (ECF) to all counsel of record.

/s/ James A. Ruggieri
James A. Ruggieri (#2828)